UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**IRA JEROME ROSS**                       **CIVIL ACTION NO. 16-327-P**

**VERSUS**                                **JUDGE HICKS**

**JAMES M. LEBLANC, ET AL.**              **MAGISTRATE JUDGE HORNSBY**

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Ira Jerome Ross ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on March 7, 2016. Plaintiff is incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. He claims his civil rights were violated during his criminal trial proceedings in the Louisiana First Judicial District Court, Parish of Caddo. He names the Louisiana Department of Corrections, James M. LeBlanc, Unknown Custodian, Unknown Wardens, Unknown Superintendent, and Unknown Jailor as defendants.

Plaintiff claims that on October 5, 2003, he was arrested and charged with attempted second degree murder. He claims he signed a Miranda warning form and gave no statement to Shreveport Police Detective Rod Johnson. He claims that on October 6, 2003, Detective Shawn Parker conducted a follow-up interview with him regarding a shooting on September 26, 2003 in which he was the victim. He claims that Detective Parker stated he made some


statements regarding retaliation that were relevant to the crime for which he had been arrested. Plaintiff claims that on December 1, 2003, a preliminary hearing was held and the State introduced the testimony of both Detective Johnson and Detective Parker. He claims the court found that there was probable cause to hold him.

Plaintiff claims that at his August 13, 2004 suppression hearing and subsequent 2005 trial, the trial court failed to suppress his October 6, 2003 statement resulting from a custodial interrogation in which no Miranda waiver form was introduced into evidence. He claims the testimony of Detective Parker regarding the Miranda waiver form was perjured. He claims that because his statement was not suppressed, he was convicted and sentenced to the custody of the Louisiana Department of Corrections.

Accordingly, Plaintiff seeks monetary damages.

## LAW AND ANALYSIS

Plaintiff is seeking monetary compensation for an alleged unconstitutional conviction and sentence. The United States Supreme Court held that in order to recover monetary compensation or damages for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until

plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary compensation for civil rights violations under Section 1983; therefore, he must prove that his conviction and/or sentence have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction and/or sentence have been invalidated.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED**

**WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 21st day of September 2016.



Mark L. Hornsby
U.S. Magistrate Judge